Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO ESJ TOWERS; ESJ TOWERS, INC.; ATTENURE HOLDINGS TRUST 1; HRH PROPERTY HOLDIGNS LLC<br><br>Recurridos<br><br>v.<br><br>CHUBB INSURANCE COMPANY OF PUERTO RICO<br><br>Peticionario | KLCE202500303 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.: CA2019CV03427 (401)<br><br>Sobre: Seguros – Incumplimiento Aseguradoras Huracanes Irma/María |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 6 de mayo de 2025.

Comparece ante nos Chubb Insurance Company of Puerto Rico ("Peticionario" o "Chubb Insurance") mediante *Alegato de Certiorari*, presentado el 26 de enero de 2025. Nos solicita que revoquemos la *Orden* emitida y notificada el 27 de enero de 2025 por el Tribunal de Primera Instancia, Sala Superior de Carolina ("foro primario" o "foro *a quo*"). Por virtud de esta, el foro primario determinó no permitirle al Peticionario anunciar otro perito en el caso que no fuese el perito previamente divulgado en el *Informe para el Manejo del Caso* presentado el 7 de diciembre de 2021.

Por los fundamentos expuestos a continuación, **expedimos** el auto de *Certiorari,* **modificamos** el dictamen recurrido, y así modificado, **confirmamos**.

### I.

La controversia ante nuestra consideración tiene su génesis cuando el 5 de septiembre de 2019, cuando el Consejo de Titulares del Condominio ESJ Towers, ESJ Towers Inc. ("ESJ Towers"),

Número Identificador

SEN(RES)2025_____

Attenure Holdings Trust 1 ("Attenure") y HRH Property Holdings LLC ("HRH"), (en conjunto, "los Recurridos") instaron *Demanda* sobre sentencia declaratoria, incumplimiento de contrato, dolo y mala fe, y daños en contra de Chubb Insurance.[1] Mediante esta, los Recurridos alegaron que el Condominio ESJ Towers ("Condominio" o "Propiedad Asegurada") sufrió daños como consecuencia del paso del Huracán María por Puerto Rico. Arguyeron además que la valoración de los aludidos daños ascendía a una cantidad no menor de veintiún millones seiscientos mil cuatrocientos sensata y dos dólares con ochenta y cinco centavos ($21,600,462.85). Por tanto, solicitaron el cobro de la indemnización dispuesta en la póliza de seguro expedida por el Peticionario. Asimismo, los Recurridos arguyeron que Chubb Insurance incumplió con los deberes requeridos conforme a la aludida póliza y que éstos se negaron a pagar el valor de los daños sufridos en la Propiedad Asegurada. Por otro lado, indicaron que el ajustador de reclamaciones de Chubb Insurance falló en documentar una porción sustancial de los daños sufridos por la propiedad, y que subvaloró el costo de las reparaciones de la Propiedad Asegurada y afectada por el Huracán María.

En respuesta, el 6 de julio de 2021, Chubb Insurance presentó *Contestación a Demanda en Caso Civil Núm. CA2019CV03427.*[2] En esencia, el Peticionario negó ciertas alegaciones y levantó defensas afirmativas. Posteriormente, el 7 de diciembre de 2021, las partes presentaron *Informe para el Manejo de Caso.*[3] Por virtud de este documento, expusieron la prueba que pretendían presentar en el juicio, así como los testigos y peritos a utilizarse. En lo pertinente a la controversia ante nuestra consideración, el Peticionario anunció como perito al señor

---

[1] Véase, Apéndice del Recurso, págs. 1-17.
[2] *Íd.*, págs.18-49.
[3] *Íd.*, págs. 257-269.

Thornton Tomasetti, quien testificaría sobre los daños reales causados al inmueble.[4]  Acto seguido, el 12 de enero de 2022, el foro *a quo* llevó a cabo la conferencia inicial en la cual, entre otros asuntos, se dejó el descubrimiento de prueba abierto.[5]

Posteriormente, el 11 de mayo de 2022, el Peticionario cursó *Primer Pliego de Interrogatorios* y *Requerimiento De Producción de Documentos* a los Recurridos.[6]  Por su parte, el 13 de mayo de 2022, los Recurridos, de forma conjunta cursaron *Primer Pliego de Interrogatorios* y *Requerimiento para la Producción de Documentos* a Chubb Insurance.[7]

Tiempo después, el 29 de julio de 2022, las partes presentaron *Moción Conjunta en Cumplimiento de Orden.*[8] Mediante esta, esbozaron que el 12 de julio de 2022, el foro primario celebró vista sobre estado de los procedimientos. Esgrimieron que, durante la misma, el foro *a quo*, ordenó a las partes a inspeccionar el Condominio y, además, les requirió que debían informar las fechas para dicha gestión. Por tal motivo, en cumplimiento con lo ordenado, las partes notificaron al foro primario que las inspecciones fueron programadas del 3 al 7 de octubre de 2022, y del 10 al 14 de octubre de ese año. Igualmente, los Recurridos comunicaron que le tomarían deposición al perito de Chubb Insurance, luego de las inspecciones y de la entrega del informe pericial.

Surge del expediente que,  mediante un correo electrónico enviado el 27 de septiembre de 2022,  el Peticionario le confirmó a los Recurridos que SPEC Engineering Services sería el perito que inspeccionaría la propiedad.[9] Asimismo, el 30 de septiembre de 2022, el Peticionario  le requirió a los Recurridos, mediante correo

---

[4] *Íd.*, págs. 260-261.
[5] *Íd.*, págs. 272-273.
[6] *Íd.*, págs. 426-449.
[7] *Íd.*, págs. 450-501.
[8] *Íd.*, págs. 274-276.
[9] *Íd.*, pág. 1100.

electrónico, que informaran el nombre de la persona contacto que su perito debería comunicarse sobre las inspecciones que se llevarían a cabo.[10] A su vez, el 3 de octubre de 2022, Chubb Insurance solicitó a los Recurridos su reacción de forma inmediata sobre las solicitudes realizadas en los correos electrónicos para poder cumplir con las órdenes sobre las inspecciones de la Propiedad Asegurada.[11]

Así pues, ese mismo día el Consejo de Titulares confirmó las fechas de las inspecciones al Condominio mientras que Attenure solicitó que se informara el nombre de las personas de SPEC Engineering Services estarían inspeccionando la aludida propiedad.[12] En la misma fecha, el Peticionario informó a los Recurridos que la persona de SPEC Engineering Services a cargo de las inspecciones sería el Ingeniero Marte, y que de parte de Saúl Santiago Group asistiría el señor Daniel Santiago.[13]

Ulteriormente, el 10 de enero de 2023, en la vista sobre estado de los procedimientos, Chubb Insurance informó al foro primario que se llevaron a cabo las inspecciones ordenadas.[14] Pasado unos meses, el 8 de febrero de 2024, el foro *a quo* emitió y notificó *Orden* mediante la cual ordenó a las partes a reunirse, coordinar el calendario de asuntos pendientes, y presentar una moción que sería atendida en la vista que se llevaría a cabo el 4 de marzo de 2024.[15]

A tenor con la orden dictada, el 29 de febrero de 2024, las partes presentaron *Moción Conjunta en Cumplimiento de Orden* en la que informaron los asuntos pendientes y el calendario de deposiciones que habían coordinado.[16] En vista de ello, el 1 de

---

[10] *Íd.*, pág. 1101.
[11] *Íd.*, pág. 1103.
[12] *Íd.*, págs. 1107-1109.
[13] *Íd.*, págs. 1111-1112.
[14] *Íd.*, págs. 277-278.
[15] *Íd.*, págs. 279-280.
[16] *Íd.*, págs. 281-282.

marzo de 2024, el foro primario emitió *Orden de Calendarización Conforme la Regla 37.3.*[17] Por virtud de la misma, entre otros asuntos, estableció que las deposiciones se tomarían antes del 31 de diciembre de 2024 y que el descubrimiento de prueba culminaría el 30 de enero de 2025. Además, en dicha orden, el foro primario advirtió que los términos y señalamientos eran de cumplimiento estricto y estarían sujetos a la sanción establecida en la Regla 37.7 de Procedimiento Civil, 32 LPRA Ap. V, R. 37.7.

Cónsono con lo anterior, el 27 de diciembre de 2024, la partes, de manera conjunta, presentaron *Moción Conjunta Informativa y en Solicitud de Extensión del Descubrimiento de Prueba.*[18] En esta, solicitaron extender la fecha límite del descubrimiento de prueba hasta el 30 de abril de 2025, ello con el fin de establecer el calendario de toma de deposiciones para los meses de febrero, marzo y abril de ese año. Evaluado el escrito, el 12 de enero de 2025, el foro primario notificó *Orden,* en la que determinó no extender el periodo del descubrimiento de prueba.[19]

Entre tanto, el 16 de enero de 2025, Chubb Insurance remitió a los Recurridos su contestación al *Primer Pliego de Interrogatorios.*[20]  A su vez, el 22 de enero de 2025, el Peticionario presentó *Moción Solicitando Orden Protectora.*[21] En la misma, esbozó que los Recurridos citaron toma de deposiciones sin previa autorización del tribunal. Por consiguiente, solicitó al foro *a quo* a que emitiera una orden protectora ya que, en esencia, las partes tenían hasta el 31 de diciembre de 2024 para tomar deposiciones y dicha fecha ya había transcurrido.

Por su lado, el 23 de enero de 2025, los Recurridos presentaron *Moción en Cumplimiento de Orden, Aclaratoria y en*

---

[17] *Íd.*, págs. 283-286.
[18] *Íd.*, págs. 293-295.
[19] *Íd.*, págs. 296-297.
[20] *Íd.*, págs. 1162-1177.
[21] *Íd.*, págs.  298-308

*Oposición a "Moción Solicitando Orden Protectora" Presentada por Chubb.*[22] En lo atinente, solicitaron que el foro primario no permitiera al Peticionario anunciar más peritos, toda vez que Chubb Insurance, mediante juramento en la contestación al pliego de interrogatorios, expresó que no había determinado que perito utilizaría y que, una vez el descubrimiento de prueba progresara se suplementaria dicha contestación. Los Recurridos enfatizaron que, en varias instancias, habían solicitado al Peticionario que informara cuál sería su perito y esta parte nunca logró identificar a una persona. Por ello, los Recurridos solicitaron que no se le permitiera a Chubb Insurance anunciar un perito en esa etapa de los procedimientos pues dicha designación sería tardía e impropia.

En respuesta, el 24 de enero de 2025, Chubb Insurance presentó *Réplica A "Moción En Cumplimiento De Orden [...]".*[23] En esta, alegó que los Recurridos incumplieron con la Regla 34.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 34.1, pues no certificaron que, en efecto, se llevaron a cabo los esfuerzos requeridos necesarios y por la precitada regla para atender las controversias que surgieran de la contestación a interrogatorios del Peticionario ni solicitar remedios sobre el descubrimiento de prueba.

Por su parte, el 27 de enero de 2025, los Recurridos presentaron *Breve Dúplica a Réplica a "Moción en Cumplimiento de Orden, Aclaratoria y en Oposición a 'Moción Solicitando Orden Protectora' Presentada por Chubb".*[24] En esta, reiteraron su postura de que el foro primario debía sostener la determinación de que Chubb Insurance anunciara un nuevo perito en esa etapa de los procedimientos, pues hacerlo, pondría a los Recurridos en un estado de indefensión y le causaría un grave perjuicio. Examinado

---

[22] *Íd.*, págs. 374-389
[23] *Íd.*, págs. 417-425.
[24] *Íd.*, págs. 1036-1041.

los escritos ante su consideración, el foro primario emitió y notificó *Orden* el 27 de enero de 2025.[25] Por virtud de esta, en lo pertinente, el foro *a quo* determinó lo siguiente:

> Luego de leer con detenimiento todas las mociones presentadas por las partes desde nuestra orden emitida el 15 de enero de 2025 concluimos que procede que se deje sin efecto la misma y que se lleven a cabo las deposiciones como lo sugieren en la moción conjunta presentada el 27 de diciembre de 2024 para extender el descubrimiento de prueba hasta el 30 de abril de 2025. Esto ya que el interés del tribunal es que queden inalteradas las fechas de la conferencia con antelación al juicio y el juicio. Además, ante el desglose de los asuntos acaecidos en torno al descubrimiento de prueba determinamos:

> Chubb comunicó el 19 de diciembre de 2024 que no han determinado que perito utilizaran y que una vez progrese el descubrimiento de prueba se suplementará esta contestación así consta en las contestaciones suplidas. (Véase, Anejo1 a la pág. 13, respuesta 48). Esa contestación contraviene el cierre del descubrimiento de prueba que este tribunal había calendarizado en la vista celebrada y en la orden de calendarización contenida en la minuta de la cual surge que el descubrimiento de prueba finalizaba el 30 de enero de 2025. Ante ello, el tribunal no permitirá otro perito que no sea el anunciado en el Informe de manejo de caso.( Véase Entrada de Sumac Núm..65 ). Así también, cualquier persona anunciada por Chubb por primera vez el 16 de enero de 2025 -luego de las ordenes previas de este tribunal- para calendarizar deposiciones no se va a permitir. Por lo que se ordena producir a los testigos que representó estaban bajo su control para poder llevar a cabo las deposiciones de Sedgwick (antes Cunningham Lindsay) por medio de su representante, a Pablo Soto, a Envista, por medio de su representante o representantes; o, en la alternativa, producir su información de contacto y dirección actual para ser citados de inmediato por la Parte Demandante.[26]

Oportunamente, el 11 de febrero de 2025, el Peticionario presentó *Moción Solicitando Reconsideración.*[27] En esta, señaló que el 27 de septiembre y 3 de octubre de 2022, Chubb Insurance informó a los Recurridos que SPEC Engineering Services y el Ingeniero Marte serían su perito. Además, alegó que los Recurridos tenían el informe pericial realizado por los peritos antes mencionados. De la misma forma, esgrimió que la prohibición al Peticionario de no poder utilizar prueba pericial y testifical que no fuese la anunciada en el *Informe para el Manejo del Caso,* sin previo apercibimiento, se apartó de lo resuelto por el Tribunal

---

[25] *Íd.*, págs. 1082-1085.
[26] *Íd.*, págs. 1084-1085.
[27] *Íd.*, págs. 1086-1099.

Supremo de Puerto Rico en *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023). Por estos fundamentos, solicitó que el foro *a quo* reconsiderara su dictamen emitido el 27 de enero de 2025, y a su vez, que se le permitiera utilizar a SPEC Engineering Services y el Ingeniero Marte como su perito. Por su parte, el 21 de febrero de 2025, los Recurridos presentaron *Moción En Cumplimiento de Orden y Oposición a "Moción Solicitando Reconsideración".*[28] En esencia, reiteraron su postura en cuanto a que no se le debía permitir a Chubb Insurance anunciar ningún perito nuevo. Atendido estos escritos, el 24 de febrero de 2025, el foro *a quo* emitió y notificó *Orden* en la cual declaró *No Ha Lugar* la solicitud de reconsideración.[29]

Aun inconforme, el 26 de marzo de 2025, el Peticionario presentó el recurso de epígrafe y formuló el siguiente señalamiento de error.

> Erró el Tribunal *a quo* al decretar, sin apercibirle directamente para que corrigiera los asuntos en controversia y sin haber emitido orden alguna previa sobre prueba pericial y testigos, que la recurrente Chubb no podrá utilizar prueba pericial y testifical que no fuese la anunciada en el informe para el manejo del caso.

Acompañó su petición de escrito, con una *Moción en Auxilio de Jurisdicción.* A esos fines, solicitó, en auxilio de jurisdicción, que se paralizaran los procedimientos hasta tanto, esta Curia dispusiera del recurso de epígrafe. El 27 de marzo de 2025, esta Curia emitió *Resolución*, en la que declaró *No Ha Lugar* la solicitud en auxilio de jurisdicción. Además, se le concedió hasta el 9 de abril de 2025 para que los Recurridos presentaran su oposición al recurso instado. Oportunamente, el 9 de abril de 2025, los Recurridos comparecieron mediante *Oposición a Certiorari.* Con el beneficio de la comparecencia de todas las partes,

---

[28] *Íd.*, págs. 1182- 1192.
[29] *Íd.*, págs. 1216-1217.

procedemos a exponer la normativa jurídica aplicable al caso de autos.

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40,

señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari. Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### *B. Manejo del Caso*

El efectivo funcionamiento de nuestro sistema judicial, y la rápida disposición de los asuntos litigiosos, requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales. *BPPR v. SLG Gómez-López,* 213 DPR 314, 333-334, (2023) citando a *In re Collazo I,* 159 DPR 141, 150 (2003). Es por ello, que a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *Íd.*

Cónsono con lo anterior el Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente. *In re Pagani Padró*, 181 DPR 517, 529 (2011). Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del foro primario. Siendo así, el Tribunal Supremo ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). El ejercicio adecuado de la discreción judicial se relaciona de manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Ahora bien, los foros de primera instancia tienen la potestad, por virtud de la Regla 37.7 de Procedimiento Civil, 32 LPRA Ap. V, R.37.7, de imponer "sanciones económicas por incumplir con las órdenes y los señalamientos relacionados al manejo del caso, sin que medie justa causa". *Rivera et al. v. Arcos Dorados et al.,* supra, 205 (2023). En lo pertinente, el Tribunal Supremo de Puerto Rico ha establecido que "nada impide que los tribunales impongan sanciones más severas luego de que la parte sea debidamente apercibida de la situación y de las consecuencias que acarrearía un incumplimiento subsiguiente *Íd.*, pág. 214. En tal sentido, nuestra más Alta Curia ha resuelto que "la medida severa de excluir del juicio el testimonio de un perito esencial es análoga a la medida extrema de desestimación, por lo que solo debe implementarse en circunstancias excepcionales". *Íd.* pág. 215.

**III.**

En su único señalamiento de error, Chubb Insurance sostiene que el foro *a quo* incidió al decretar que el Peticionario no podrá utilizar prueba pericial que no fuese la anunciada en el informe para el manejo del caso, sin este previamente haber apercibido a esta parte o haber emitido orden alguna esbozando que no podía utilizarse prueba alguna, pericial o testifical, que no hubiera sido anunciada en el *Informe para el Manejo del Caso.* Le asiste la razón. Veamos.

Conforme obra en el expediente el, 27 de enero de 2025, el foro primario emitió *Orden* en la cual, en esencia, dispuso que el descubrimiento de prueba del presente caso se extendía hasta el 30 de abril de 2025. Además, en el referido dictamen, el foro *a quo* no permitió que Chubb Insurance anunciara otro perito que no fuera el que ya se había anunciado previamente en el *Informe para el Manejo del Caso* presentado el 7 de diciembre de 2021, pues ello iría en contra de la orden de calendarización dispuesto por el tribunal.

Es norma firmemente reiterada, que en nuestra jurisdicción los tribunales tienen el deber de garantizar que los procedimientos se ventilen con miras a que se logre una justicia rápida y eficiente. Asimismo, se le ha reconocido a los tribunales la facultad de imponer sanciones, con el fin de evitar dilaciones innecesarias en el manejo de un caso. No empece lo anterior, recientemente el Tribunal Supremo de Puerto Rico aclaró en *Rivera et al. v. Arcos Dorados et al.,* supra, que "la medida severa de excluir del juicio el testimonio de un perito esencial es análoga a la medida extrema de desestimación, por lo que solo debe implementarse en circunstancias excepcionales" *Íd.*, pág. 215. En otras palabras, los tribunales de primera instancia abusan de su discreción cuando deniegan la presentación de un perito "**sin antes considerar la**

**imposición de sanciones menos severas, apercibir a los peticionarios de las consecuencias de su incumplimiento y cuando el descubrimiento de prueba aún no había concluido**". *Íd.*, pág. 215-216.

Nótese que los elementos antes mencionados en la jurisprudencia antes citada se encuentran presentes en el caso de marras. Surge de la propia orden recurrida que el descubrimiento de prueba se extendió hasta el **30 de abril de 2025**, por lo cual el mismo no ha culminado al momento de emitida la orden recurrida. En ese sentido, ante la petición por parte de los Recurridos de que no se le permitiera a Chubb Insurance anunciar peritos adicionales, el foro *a quo* debió, como primera alternativa, **imponer una medida menos** severa en lugar de la drástica sanción de excluir el testimonio de un perito en el juicio, **sanción de la cual el Peticionario nunca fue apercibido.** Si bien el foro *a quo* en la *Orden de Calendarización Conforme la Regla 37.3* apercibió a las partes de que de que estas estarían sujetas a sanciones conforme la Regla 37.7 de Procedimiento Civil, *supra*, dicha sanción **debió ser económica**, según lo dispone la propia regla. Por consiguiente, es forzoso concluir que el foro primario abusó de su discreción al no permitirle al Peticionario anunciar otro perito al previamente divulgado en el *Informe para el Manejo del Caso.*

Como corolario de lo anteriormente esbozado y cónsono con los criterios que guían nuestra discreción, procedemos a intervenir en el caso que nos ocupa a los únicos efectos de modificar la *Orden* recurrida para que se le conceda la petición instada por el Peticionario de anunciar el testimonio pericial a pesar de éstos no haber sido notificados en el *Informe para el Manejo del Caso* sin apercibimiento previo sobre dicha sanción y debido a que no había culminado el descubrimiento de prueba. Así modificada la

determinación recurrida, procede su confirmación, de manera que puedan continuar los procesos que acontecen ante el foro *a quo*.

**IV.**

Por los fundamentos expuestos, **expedimos** el auto de *certiorari* y **modificamos** el dictamen recurrido con el fin eliminar la determinación de no permitirle a Chubb Insurance presentar otro perito que no sea el anunciado en el informe de manejo de caso.

Así modificada, **confirmamos** la *Orden* en cuestión, y devolvemos el caso al Tribunal de Primera Instancia para la continuidad de los procedimientos judiciales de manera compatible con esta *Sentencia*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones